## APPEAL OF ESTATE OF HELEN S. PENNELL.

Docket No. 2588.     Decided September 25, 1926.

*Harry B. Walker, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

The Commissioner disallowed an expense deduction taken by decedent for 1920 and found a deficiency of $330 individual income tax.

### FINDINGS OF FACT.

The decedent's husband died in February, 1920, leaving a substantial fortune. During the decedent's life she employed a lawyer to look after her interests. The greater part of his service was devoted to advising and protecting her against an effort which was being made by others to have her relinquish some of her rights in her husband's property, a matter of no concern in this proceeding. The lawyer also performed " a lot of other services for her, not in getting the estate, not in getting the property, but in disposing of it afterwards, and wrote her will and re-wrote it on account of some changed conditions arising, and did a lot of work for her." He " looked after the straightening of her personal affairs, including the disposition and investment to some extent of her money." She had her regular agent, to whom she paid a salary, who looked after her investments, " but in large matters she would ask [the lawyer] to take part and [he] did." He " estimated and charged for the service other than getting the property for her $3,000." To this she did not disagree.

The lawyer in 1920 sent decedent a bill for $20,000 which included $17,000 for the services in getting the property and $3,000 as above set forth. In 1920 decedent paid $10,000 and in 1921 the remaining $10,000. In her return for 1920 she deducted $3,000 representing the aforesaid payment, and this the Commissioner disallowed entirely.

### OPINION.

STERNHAGEN : The payment by an individual for general personal legal services, including the preparation of a will, are obviously not " ordinary and necessary expenses paid or incurred in the taxable year in carrying on any trade or business," as provided in section 214 (a) (1) of the Revenue Act of 1918. If any part thereof could be so classified the burden of allocation must be on the petitioner and not on the Board. We need not therefore discuss the question whether, since the payment of the entire bill of $20,000 was equally

divided as between 1920 and 1921 without any earmarking, the petitioner could properly allocate the $3,000 entirely to the first payment in 1920.

*Judgment for the Commissioner.*